### STATE v. RUSSELL MACON.

(Filed 6 April, 1960.)

**Automobiles § 59—**

> The evidence in this case, in any view, *is held* to show a violation of highway safety statutes and a heedless indifference to the safety and rights of others, proximately resulting in death, and was sufficient to be submitted to the jury and sustained a verdict of guilty of manslaughter.

APPEAL by defendant from *Hobgood, J.,* October 19, 1959 Term, of FRANKLIN.

Defendant was charged in separate bills of indictment with manslaughter for the killing of Louise Mitchell, Walter Robert Dunston, and William W. O'Neal. The cases were consolidated for trial. The jury returned verdicts of guilty. Prison sentences were imposed which run concurrently.

*Attorney General Bruton and Assistant Attorney General Rountree for the State.*

*E. C. Bulluck for defendant, appellant.*

PER CURIAM. The assignments present only one question: Was there sufficient evidence to overcome the motion to nonsuit?

It is conceded the three came to their death as a result of a collision between a Ford automobile operated by defendant and a Dodge station wagon driven by William W. O'Neal. Louise Mitchell and William Robert Dunston occupied the rear portion of the Ford. The collision occurred about 8:00 p.m. on 16 September 1959 about two miles from Louisburg on Highway 401, which lies in a north-south direction. The collision occurred about the east edge of the east shoulder. The automobiles were off the highway except for the rear wheels of the station wagon, which was near the east edge of the paved portion. The cars were at an angle approximating 45 degrees with the highway. The Baldy Wilson Hill crests a short distance from the place where the cars collided.

The evidence offered by the State consisted of a description of the

physical conditions at the scene of the wreck as observed a few minutes after the collision and a statement made to highway patrolmen by defendant on the day following the collision. This evidence is sufficient to show: The Ford was traveling southward. Just after passing the crest of the hill defendant ran off the paved portion and on the west shoulder. The shoulder and paved portion are level. Defendant does not know why he left the paved portion. After traveling some distance on the shoulder, he pulled to his left and on and across the paved portion of the road. As he pulled to his left to return to the highway he saw the lights of the station wagon which was traveling northwardly and then some 30 feet away. The Ford, after it left the shoulder, made skid marks on the paved portion for 120 feet before it reached the point of impact. There were skid marks on the east side of the paved portion leading to the station wagon. These skid marks extended approximately 50 feet. Both vehicles were badly damaged. The Ford was "just in pieces just like an explosion." The physical evidence tends to show the Ford was traveling at a high speed.

Defendant did not testify. He relied principally on the testimony of Fred Finch, who testified he saw the collision. Finch's testimony contradicts defendants statement with respect to the direction of travel by the two vehicles. They were not approaching, according to Finch, but were both traveling in a southwardly direction at a speed which he estimated at 80 to 85 m.p.h. The Ford attempted to pass the station wagon at this speed as they were approaching the crest of the hill. After passing the crest of the hill, the station wagon left the paved portion and went to its right on the west shoulder. The collision occurred as the station wagon attempted to return to the paved portion.

Whether the statement made by defendant, corroborated by physical evidence, or the testimony of Finch correctly portrays the situation, there is evidence of a violation of the highway safety statutes and a heedless indifference to the safety and rights of others proximately resulting in the three deaths as charged in the bills of indictment. The question of defendant's guilt was properly submitted to the jury. *S. v. Phelps*, 242 N.C. 540, 89 S.E. 2d 132; *S. v. Cope*, 204 N.C. 28, 167 S. E. 456.

No error.